**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID MING PON,

      Petitioner,

vs.

                                CASE NO. 3:22-cv-1259-BJD-PDB
                      CRIM. CASE NO. 3:14-cr-75-BJD-PDB

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

David Ming Pon has filed several motions that are pending before the Court. Civ. Docs. 35, 36, 47, 48, 49.[1] He moves: 1) to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, Civ. Docs. 35, 36; 2) for leave to file a reply to the Government's response (*see* Civ. Doc. 46) in opposition to his motions to expand the record, Civ. Docs. 47, 48; and 3) for permission to inspect jury selection materials pursuant to 28 U.S.C. § 1867(f). Civ. Doc. 49. He argues the jury selection documents will "ensure the Court has a complete factual record before adjudicating the jury-

---

[1] "Civ. Doc. __" refers to entries on the civil § 2255 docket, No. 3:22-cv-1259-BJD-PDB. "Crim. Doc. __" refers to entries on the criminal docket, No. 3:14-cr-75-BJD-PDB. For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

1

composition claims" asserted in his Section 2255 motion. Civ. Doc. 49. And he argues the exhibits attached to his motions to expand the record support his claims of ineffective assistance of counsel and actual innocence.

Pon has also filed "Notices." Civ. Docs. 40–45. The notice at Civ. Doc. 40 essentially raises new claims (omitted jury instructions, defective indictment, evidence omitted in violation of rulings on motions in limine, and error in allowing an expert witness to give an opinion on Pon's mental state, which constituted an element of the crime). Civ. Doc. 41 provides an argument in support of Pon's actual innocence claim and identifies several edits or corrections to his reply and attachments to his reply. Civ. Doc. 42 essentially amends or edits his exhibits (F and G−1) at Docs. 36−6 and 36−7. Civ. Doc. 43 edits Pon's motion at Doc. 36 and exhibits to that motion. Civ. Doc. 44 provides a "guide" or "table of contents" to Pon's 288-page Appendix F at Civ. Doc. 35−5, and a summary of Pon's Exhibit F at Civ. Doc. 36−6. Finally, Civ. Doc. 45 amends the guide and summary at Civ. Doc. 44.[2]

I.     Motions to file a reply

Pon's motions for leave to file a reply, Civ. Docs. 47, 48, to the Government's response to his motions to expand the record are **GRANTED**

---

[2] The Court notes that these motions, notices, and the exhibits attached thereto were considered by the Court before the Court entered its March 25, 2026 Order denying Pon's section 2255 motion. Consideration of the expanded record did not alter the Court's decision denying the section 2255 motion.

to the extent that the Court has considered his reply, Civ. Doc. 48−1, in deciding his motions to expand the record.

II.    Motion to inspect jury selection materials

Pon moves under 28 U.S.C. § 1867(f) to inspect jury selection records from his criminal case. Civ. Doc. 49. He asserts that this will "ensure the Court has a complete factual record before adjudicating the jury-composition claims" alleged in his Section 2255 motion. *Id*. at 1.

Title 28 U.S.C. § 1867 provides in relevant part:

(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

***

(f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

Id.

It is apparent that Section 1867 has a timeliness requirement. 18 U.S.C. § 1867(a); *United States v. Dean*, 487 F.3d 840, 849 (11th Cir. 2007). Under Section 1867, Pon was required to challenge the selection of the grand jury or the petit jury by moving either to dismiss the indictment or to stay the proceedings against him before the voir dire examination began, or within seven days after he discovered or could have discovered, by the exercise of diligence, that the jury was not selected in conformity with the provisions of 28 U.S.C. § 1867(a). *Dean*, 487 F.3d at 848–49.

Pon's motion, made more than ten years after the voir dire examination in his case, is therefore not timely. His jury was selected on September 8, 2015, Crim. Doc. 219 at 30−141, and the applicable deadline for his challenge to either the grand or petit jury would have run no later than that date. Accordingly, his motion to inspect jury selection records is denied. *See United States v. Rosbottom*, 763 F.3d 408, 415 (5th Cir. 2014) (holding that defendant's claim under 28 U.S.C. § 1867 was untimely because defendant did not file a motion or sworn statement before the voir dire examination began), *cert. denied*, 574 U.S. 1078 (2015).

III.    Motions to expand the record

Pon moves under Rule 7 of the Rules Governing 2255 Proceedings to expand the record with what he asserts is newly discovered evidence that he contends establishes his innocence of the crimes for which he was convicted.

Civ. Doc. 35 at 1. He also moves to expand the record with what he describes as legal argument, expert opinions, documentation of perjury by government witnesses, rebuttal to the Government's evidence in the transcripts, and statistical data in support of his jury composition claims. Id. He asserts that "these additional materials are necessary to ensure a complete and accurate review of the issues raised." Id.

Rule 7(a) allows for expansion of the record with "materials relating to the [Section 2255] motion." Rule 7(a), Rules Governing 2255 Proceedings. And Rule 7(b) provides that "[t]he materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record." Rule 7(b), Rules Governing 2255 Proceedings. The decision whether to expand the record lies within the Court's discretion. *Prada v. United States*, 692 F. App'x 572, 575 (11th Cir. 2017) ("[E]xpanding the record is fully within the district court's discretion pursuant to 28 U.S.C. § 2255").

The Court exercises its discretion to expand the record to include Pon's Appendix C (Civ. Doc. 35−1), Appendix D, footnote 1 (Civ. Doc. 35−2 at 11−12), and part of Appendix F (Civ. Doc. 35−5 at 207−08), which provide information relevant to Ground Three of Pon's Section 2255 motion. (See Civ.

Doc. 1 at 7). However, the Court denies the remainder of Pon's motions to expand the record for the following reasons.

First, the Court granted Pon leave to file a reply to the Government's response "of no more than 10 pages, exclusive of exhibits . . . ." (See Civ. Doc. 33). In what appears to be a flagrant attempt to circumvent the 10-page briefing limit, Pon filed over 700 pages of "appendices" and "exhibits" (see Civ. Docs. 34−1, 34−2, 35−1 through 35−5, 36−1 through 36−8), the vast majority of which is legal argument rather than documents or exhibits. Federal district courts have the inherent power to manage their own dockets and affairs. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Multimedia Techs., Inc. v. City of Atlanta, Georgia*, 2024 WL 64212, at \*3 (11th Cir. Jan. 5, 2024). It is not outside the Court's inherent authority to impose a page limit as a means of "prevent[ing a] single litigant[ ] from unnecessarily encroaching on the judicial machinery needed by others." Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986). Thus, the Court will not allow Pon to avoid the page limit by portraying argument as "exhibits" or "appendices."

Second, the majority of Pon's "newly discovered evidence" consists of quotes from numerous scientific and medical articles that Pon uses to support his claim of actual innocence raised in his Section 2255 motion. See Civ. Docs. 35−2 through 35−5. But his claim of actual innocence is not an independent

substantive claim that warrants relief in a Section 2255 proceeding. See

United States v. Montano, 398 F. 3d 1276, 1284 (11th Cir. 2005).  A "claim of

innocence is...'not itself a constitutional claim, but instead a gateway through

which a petitioner must pass to have his otherwise barred constitutional

claim considered on the merits.'" Schlup v. Delo, 513 U.S. 298, 315 (1995)

(quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). Thus, the actual

innocence doctrine is inapplicable here because the Court has addressed each

of the claims in Pon's Section 2255 motion on the merits.

Third, Pon has failed to prove he is actually innocent of the offenses for

which he was convicted. Actual innocence "means factual innocence, not mere

legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). To

prove he is actually innocent, Pon must present "new reliable evidence–

whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence–that was not presented at trial."

Schlup, 513 U.S. at 324. He must "demonstrate that more likely than not, in

light of the new evidence, no reasonable juror would find him guilty beyond a

reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006).

Pon fails to make a credible showing of actual innocence because he

presents no new reliable evidence of factual innocence. Pon argues that new

scientific and medical evidence validates both the legitimacy of his laser

treatments and the accuracy of his diagnoses. He points to numerous

7

medical/scientific articles that he argues support his innocence. Based on this new evidence, Pon argues that the Government cannot prove he intended to commit fraud.

Pon's "new" evidence doesn't undermine the Government's case so much as add to the theory that the jury already rejected: Pon neither falsely diagnosed his patients with age-related wet macular degeneration nor rendered laser treatments that were not medically necessary. Instead, in good faith, he formulated his best medical diagnosis and rendered treatment using an advanced and effective laser technique.

As part of his defense, Pon introduced and testified about a transcript of a speech by one physician and a published article by another physician, both of which discussed treating wet macular degeneration with low-level lasers that left no scarring. (Crim. Doc. 228 at 123−84, 191, 214−16; Doc. 230 at 195−212). Introducing a superior version of the same evidence supporting the theory does not prove Pon's actual innocence. A dozen experienced physicians testified that none of the eleven victims/patients identified in the Indictment, whom Pon had diagnosed as having wet macular degeneration, had the disease when Pon diagnosed them. Pon, 963 F.3d at 1228−35.  They also testified that the patients did not have the scars associated with the laser treatment for which Pon had billed Medicare. Id. Only Pon testified that

8

the patients had the disease, and that his laser treatments were helpful and medically necessary. Id.

The articles Pon cites may show support from some physicians and studies for the laser treatments Pon claims he used to treat his patients.[3] But the articles do not establish Pon's actual innocence. Neither the articles nor any other evidence Pon provides refutes the opinions of a dozen experienced physicians that none of Pon's patients named in the Indictment had wet macular degeneration at the time Pon diagnosed them as having the disease. And to the extent that the articles may contradict the physicians' testimony, it's simply a difference in opinion—not, as Pon argues, false testimony. See, e.g., Campbell v. Gregory, 867 F.2d 1146, 1148 (8th Cir. 1989) (testimony of expert is not perjury merely because it differed from opinions of other experts).

Pon spends a vast amount of time attacking the credibility of the Government's medical witnesses with the scientific/medical articles and evidence that they received payments from "Big Pharma." Civ. Docs. 35-3, 35-4, 35-6. However, attacks on a witness's credibility generally do not meet the high standard required to show actual innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if

---

[3] Pon provides no articles. Rather, he quotes the articles and provides a citation for each article.

ever," establish actual innocence); <u>Browne v. Bureau of Corr. of Virgin Islands</u>, 2023 WL 1861412, at *8 (D.V.I. Feb. 9, 2023) ("It is well established that impeachment evidence generally does not satisfy the requirement for 'new reliable evidence' under the actual innocence standard.") (citations omitted).

In sum, Pon does not meet his burden to show actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) ("The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'") (citing <u>Schlup</u>, 513 U.S. at 316). Thus, the Court denies Pon leave to expand the record with the argument and information he submitted in support of his actual innocence claim.

IV.    New claims

To the extent Pon is attempting to raise additional claims for relief in his reply, motions to expand the record, and notices, *see, e.g.,* Civ. Doc. 40 (omitted jury instructions, defective indictment, evidence omitted in violation of rulings on motions in limine, and error in allowing an expert witness to give an opinion on Pon's mental state, which constituted an element of the crime), a Section 2255 movant must raise all of his claims and supporting facts in the Section 2255 motion. See Rule 2(b), Rules Governing Section 2255

10

Proceedings in the U.S. Dist. Courts. A Section 2255 movant may not raise new claims in a reply to the government's response. *Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018). Pon did not request leave to amend the Section 2255 Motion to raise a new claim. Thus, any new claims in the reply, motions to expand the record, and notices are not properly before the Court.

Accordingly, it is **ORDERED**:

1. Pon's motions to expand the record, Civ. Docs. 35, 36, are **GRANTED** solely to the extent that the record is expanded to include Pon's Appendix C (Civ. Doc. 35−1), Appendix D, footnote 1 (Civ. Doc. 35−2 at 11−12), and part of Appendix F (Civ. Doc. 35−5 at 207−08). The motions are otherwise **DENIED**.

2. Pon's motions to file a reply, Civ. Docs. 47, 48, to the Government's response to his motions to expand the record is **GRANTED**.

3. Pon's motion for permission to inspect jury selection materials pursuant to 28 U.S.C. § 1867(f), Civ. Doc. 49, is **DENIED**.

**ORDERED** in Jacksonville, Florida, on April 16, 2026.

_____
BRIAN J. DAVIS
United States District Judge

TPA-3
C:    Counsel of Record; David Ming Pon, *pro se*

11